United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY R. LISTER, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3087 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the Court is Defendant the United States of America's ("Defendant" or "Government") Motion to Dismiss (Doc. No. 35). Plaintiffs Tommy R. Lister ("Mr. Lister") and Jorene Lister ("Mrs. Lister") (collectively "Plaintiffs") responded in opposition (Doc. No. 36) and Defendant replied (Doc. No. 37). Having considered the briefings and applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss.

### I.    Factual Background

This is a Federal Tort Claims Act ("FTCA") case that arises out of a vehicular accident between an employee of the United States Postal Service ("USPS") and Plaintiffs in Houston, Texas.

According to Plaintiffs, Louis Green ("Mr. Green"), a maintenance mechanic employed by Defendant, was leaving a USPS facility to install community mailboxes while driving a USPS owned vehicle. As Mr. Green was driving westbound down Beechnut Street and approaching the intersection of Beechnut and Kirkwood, he looked down at his GPS device, which was mounted to his dashboard. Mr. Green then allegedly looked up from his GPS, saw the light was red and that traffic from the other direction had entered the intersection, but proceeded forward into the

intersection anyway. Mr. Green's vehicle then crashed into Mr. Lister's northbound vehicle and pushed Mr. Lister's vehicle into two other cars.

## II. Procedural Background

Mr. Lister presented his claim to the USPS per 28 U.S.C. § 2675 in January 2021. The USPS did not respond within six months, which provided Mr. Lister with "the option … at any time" to deem the claim denied. *See* 28 U.S.C. § 2675(a). Mr. Lister subsequently sued USPS under the FTCA in this Court on September 22, 2021. (Doc. No. 1). Defendant filed an Answer to Mr. Lister's Original Complaint before it was served. (Doc. No. 7). After Mr. Lister amended his Complaint (Doc. No. 17) to replace the USPS with and add the United States as the proper party, Defendant voluntarily filed an Answer to that First Amended Complaint as well. (Doc. No. 18).

Mrs. Lister presented her claim to the USPS in October 2021 and the USPS again did not respond within six months. On September 1, 2022, Mrs. Lister's subsequent FTCA claim against Defendant was added to Mr. Lister's in Plaintiffs' Second Amended Complaint. (Doc. No. 23). Following Plaintiffs' filing of their Second Amended Complaint, Defendant once again filed an Answer in response. (Doc. No. 24).

Plaintiffs then moved for partial summary judgment as to liability as to Defendant's negligence and certain affirmative defenses. (Doc. No. 25). Defendant responded in opposition, noting that Plaintiffs' Motion for Partial Summary Judgment should be dismissed, among other arguments, because Plaintiffs failed to properly effectuate service on Defendant. (Doc. No. 27). Plaintiffs replied (Doc. No. 28).

Instead of ruling on the merits of Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 25), this Court ordered this case to be stayed to provide Plaintiffs with time to perfect service on Defendant. (Doc. No. 29). Plaintiffs had 30 days from the date of the Order to perfect service

2

on Defendant, and, if service was properly effectuated, Defendant would have 60 days from the date of service to file a new Answer, if it chose to do so. (*Id.*).

Plaintiffs filed their Return of Service on the docket on May 5th, 2023. (Doc. Nos. 31-34). A few weeks later, Defendant filed this Motion to Dismiss for Lack of Service and Based on Prematurity of the Second Amended Complaint. (Doc. No. 35). In its Motion to Dismiss, Defendant moves for dismissal on two grounds. First, Defendant alleges Plaintiffs failed to effectuate service properly in accordance with the Court's Order (Doc. No. 29) and Federal Rules of Civil Procedure 4(i) and 4(m), so Plaintiffs' Original Complaint and First Amended Complaint must be dismissed. (*Id.* at 1). Second, Defendant argues that this Court lacks subject matter jurisdiction over Mrs. Lister's claim because it is untimely under the relation back doctrine. (*Id.*). Plaintiffs responded in opposition (Doc. No. 36) and Defendant replied (Doc. No. 37).

## I.    Legal Standards

### A.  Lack of Service of Process – Rules 4(i) and 4(m)

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint in a case. For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4. *Starrett v. Lockheed Martin Corp.*, No.3:17-cv-988-D, 2017 WL 4174812, at *1 (N.D. Tex. Aug. 16, 2017), aff'd 735 F. App'x 169 (5th Cir. 2018). "The party making service has the burden of demonstrating its validity when an object to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Federal Rule of Civil Procedure 4 (i), which governs method of service on the United States, its agencies, and employees, provides:

(1) United States. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk - or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; ...

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Under this rule, both service on the Attorney General and the United States Attorney for the district in which the action is filed are required. See *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). If a plaintiff fails to properly serve the defendant within 90 days of filing the complaint, "upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Id.* To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

4

Moreover, the Fifth Circuit has explained that actual notice of the litigation does not cure a defect in service under Rule 4. *Peters*, 9 F.3d at 345–46 ("The Court also has rejected the contention that the improper service is cured by untimely personal service of the complaint, even if the United States Attorney has actual notice of the action."). The Fifth Circuit explained that such a dismissal for improper service is proper even if the limitations period for the underlying claim has run. *Id.* (citing *McDonald v. United States*, 898 F.2d 466, 467–68 (5th Cir. 1990)).

If a plaintiff fails to serve the defendant properly within 90 days of filing the complaint, the action may be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. Fed. R. Civ. P. 4(m). If a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect" and "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis in original). In addition, "some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified is normally required." *Id.* (citation and internal quotation marks omitted). The plaintiff bears the burden to show good cause for the failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

### B. Subject Matter Jurisdiction – Rule 12(b)(1)

"A case is properly dismissed for lack of subject mater jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Handy v. United Airlines, Inc.*, CV H-20-3751, 2021 639995, at *2 (S.D. Tex. Feb. 18, 2021) (quoting *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When the Court's subject matter jurisdiction is challenged, the

party asserting jurisdiction bears the burden of establishing it. *See id.; Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

## II.    Analysis

### A.  Whether Service Was Properly Effectuated

Defendant contends that Plaintiff's Original Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 17) should be dismissed under Federal Rules of Civil Procedure 4(i) and 4(m) for improper service and under Rule 41(b) for failure to comply with a court order. (Doc. No. 35 at 4). Specifically, Defendant argues that because Plaintiffs only served the Second Amended Complaint and not the Original and First Amended Complaints, service is improper.

In their Response in opposition, Plaintiffs concede that they served the live pleading—the Second Amended Complaint—but did not serve copies of the superseded, inactive Original and First Amended Complaints. (Doc. No. 36 at 1). Plaintiffs contend, however, that service was properly effectuated because they were only required to serve Defendant with the Second Amended Complaint. (*Id.*).

As an initial matter, this Court's Order was clear—Plaintiffs were not ordered by this Court to serve Defendant. (Doc. No. 29). Rather, this Court gave Plaintiffs the option to serve Defendant 30 days from the date of the Order. (*Id.*) ("*if* service is effectuated") (emphasis added). By serving Defendant within the time frame set out by this Court, Plaintiffs complied with the Court's Order.

Second, this Court does not find that Plaintiffs, in addition to their Second Amended Complaint, were required to serve their Original Complaint and First Amended Complaint on Defendant to perfect service of process. An amended complaint "supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *see Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996). Moreover, when superseded pleadings are filed before service of process, serving the superseded pleadings is not required. *Carr v. City of Spring Valley Vill.*, 2022 WL 1553539, at *3 (5th Cir. May 17, 2022). Thus, Plaintiffs were only required to serve the live, operative pleading in this dispute—the Second Amended Complaint—on Defendant. Defendant also does not dispute that it has had access to and notice of the Original Complaint and First Amended Complaint since the beginning of this lawsuit. In fact, it voluntarily filed an Answer to both the Original Complaint and the First Amended Complaint. Should Defendant need access to either of these superseded complaints—of which have no legal effect— copies are easily accessible through the ECF system.

Outside of its argument that Defendant was required to serve the superseded pleadings in addition to the Second Amended Complaint, Defendant does not dispute that Plaintiffs effectuated service properly and in accordance with the rules. Accordingly, in the absence of any case law or other authority to the contrary, this Court does not find that Plaintiffs were required to serve its Original Complaint and First Amended Complaints upon the Defendant to perfect service of process. Since Defendant concedes that Plaintiffs otherwise followed the procedures required of

parties effectuating service upon the United States, this Court finds that Plaintiff has properly perfected service on Defendant within the time frame set out in its Order. (Doc. No. 29). Thus, Defendant's Motion to Dismiss for improper service and failure to comply with this Court's Order is denied.

**B. Whether Mrs. Lister's Claim Relates Back**

Defendant also contends that this Court lacks subject matter jurisdiction over Plaintiffs' Second Amended Complaint because it is premature. Specifically, Defendant argues that Plaintiffs' Second Amended Complaint must be dismissed because it related back to the filing of the Original Complaint, before Mrs. Lister had properly exhausted her administrative remedies with the USPS and is untimely. (Doc. No. 35 at 9). Defendant cites no authority to support this contention outside of the text of Rule 15(c), which states, in relevant part:

"(c) Relation Back of Amendments.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

According to Defendant, plaintiff must fully exhaust his or her remedies with the responsible federal agency to file a lawsuit under the FTCA. (*Id.*). In the present case, Mrs. Lister filed her administrative claim with the USPS on October 18, 2021. (Doc. No. 35-1). USPS then had six months, or until April 18, 2022, to fully investigate and attempt to resolve Mrs. Lister's claim. After April 18, 2022, Mrs. Lister was at liberty to "deem" her claim denied and file suit against the United States in federal court.

On June 10, 2022, Mr. Lister filed his Motion for Leave to File a Second Amended Complaint to add Mrs. Lister as a party and her claim for loss of consortium. (Doc. No. 19). Defendant argues, however, that when the Second Amended Complaint was filed, it related back to the date of the filing of Plaintiff's Original Complaint, which was filed on September 22, 2021 under Federal Rule of Civil Procedure 15(c). (*Id.*). Since on September 22, 2021 Mrs. Lister had not yet pursued her administrative remedies with the USPS, Defendant argues her civil action was premature.

In Response, Plaintiffs argue that Mrs. Lister's claim does not relate back to the date of the Original Complaint. (Doc. No. 36 at 3). According to Plaintiffs, based on clearly established case law, the addition of a new plaintiff in an amended pleading only relates back in limited, specific instances that are not present here. (*Id.* at 4).

To support this contention, Plaintiffs refer this Court to a series of Fifth Circuit cases. Plaintiffs first rely upon *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968), where the Fifth Circuit held that "the rule is generally stated to be that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings." To show the limited circumstances in which relation back of amended pleadings to an

original complaint applies, Plaintiffs cite to a series of Fifth Circuit holdings where the court allowed an amended complaint to relate back only because of misnomer or misidentification of parties in the original complaint and where a plaintiff changed the capacity in which she brought her suit. *SMS Financial, Ltd. Liability Co. v. ABCO Homes, Inc.* 167 F.3d 235, 244-45 (5th Cir. 1999) (relation back allowed because plaintiffs corrected an insignificant error in its name); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (finding that the goal of relation back is to correct a mistake concerning the identity of a party); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 272-73 (5th Cir. 1996) (relation back of amendments allowed where plaintiff changes capacity in suit "from her individual capacity to her representative capacity as an administrator of an estate."). Plaintiffs maintain that Defendant concedes that Mrs. Lister's addition in the Second Amended Complaint did not result from a misnomer or misidentification, nor was it because of a change in capacity in which Plaintiffs brought their lawsuit. Therefore, Plaintiffs argue that case law supports that Mrs. Lister's claim does not relate back to the date of the Original Complaint.

Plaintiffs also argue that Defendant's use of the relation back doctrine is contrary to its intended purpose. According to Plaintiffs, case law and preferences expressed through Advisory Committee Notes on Rule 15(c) show that relation back "has long been understood to protect plaintiffs against limitations in circumstances where defendants already have notice of pending claims." (Doc. No. 36 at 7) (citing 1966 Advisory Committee Note to Rule 15(c), which states that the rule is intended to "state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading."). Moreover, Plaintiffs argue that the doctrine was devised to assist claimants who, for various reasons, may not have possessed knowledge of all relevant claims or parties prior to the expiration of an applicable statute of

limitations. (*Id.*). Given that Defendant has used the relation back doctrine in its Motion contrary to these purposes, Plaintiffs argue that Defendant's Rule 15(c) arguments have no basis in law.

While its invocation of the relation back doctrine in this context is creative, this Court agrees that Defendant's relation back argument is a misapplication of the doctrine and thus without merit. As an initial matter, Defendant cites no case law or other authority other than the text of Rule 15(c) itself for its contention that Mrs. Lister's claim from the Second Amended Complaint relates back to the date of the Original Complaint. Further, in general, it is typically plaintiffs, rather than defendants, who invoke Rule 15(c) to take advantage of the relation back doctrine, and defendants that resist relation back and argue that the Rule's notice requirements to defendants are unmet. Moreover, while the Rule certainly applies to defendants as well as plaintiffs, the case law examining the relation back doctrine clearly shows that Rule 15(c) was not meant to be used for the purposes that Defendant is attempting to invoke here. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (intent behind relation back is "to balance the interests of the defendant protected by the statute of limitations with preferences expressed by the Federal Rules of Civil Procedure" for "resolving disputes on their merits). Case law and history support that relation back was intended to help plaintiffs' claims survive the statute of limitations where applicable, and for cases to proceed on the merits even when parties were mistakenly misidentified or the capacity in which a plaintiff was bringing suit was altered. *Id.*

Here, Plaintiffs are correct that Mrs. Lister's addition to the Second Amended Complaint was not the result of a misnomer or misidentification or a change in the capacity in which Plaintiffs are bringing suit. Defendant also does not dispute that at the time of the Second Amended Complaint, Mrs. Lister properly exhausted her administrative remedies and filed her FTCA claim

11

within the applicable statute of limitations. Defendant also fails to identify any case law, legislative history, or advisory note that supports its interpretation.

Accordingly, the Court has subject matter jurisdiction over Plaintiffs' Second Amended Complaint because Mrs. Lister exhausted her administrative claims in a timely manner at the time the Second Amended Complaint was filed. Thus, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied.

### C. Validity of Electronic Signature on Plaintiffs' Second Amended Complaint

In its Reply, Defendant argues, for the first time, that dismissal of Plaintiffs' Second Amended Complaint is warranted because it is allegedly unsigned and undated. (Doc. No. 37 at 1). This Court does not agree. Although Plaintiffs' counsel's electronic signature was filed imperfectly in their Second Amended Complaint, the Clerk's office has accepted it in its present form as a permissible electronic signature.

Moreover, Defendant had ample opportunity to raise this issue prior to filing this Motion to Dismiss. Plaintiffs filed an unopposed Motion for Leave to File a Second Amended Complaint more than a year ago on June 10, 2022 and this Court granted Plaintiffs' request for leave to file on August 30, 2022. (Doc. No. 19). The Second Amended Complaint was filed the very next day by Plaintiffs on September 1, 2022. (Doc. No. 23). According to the Certificate of Conference in Plaintiffs' Motion for Leave, counsel for Defendant explicitly stated he was not opposed to the filing of the Second Amended Complaint. (*Id.* at 3). This is especially important because Plaintiffs attached a copy of their proposed Second Amended Complaint when they filed their Motion for Leave. (Doc. No. 19-1). Thus, Defendant has had notice of the Second Amended Complaint—and its alleged signature defect—since at least June 10, 2022, yet failed to raise it in its Motion for

12

Summary Judgment or in any motion prior to the dispositive motion deadline, which was on October 31, 2022.

Accordingly, to the extent Defendant argues that dismissal of Plaintiffs' lawsuit should be dismissed on the basis of an allegedly unsigned and undated signature on the Second Amended Complaint, this Court denies its request.

## III.   Conclusion

For the foregoing, the Court hereby **DENIES** Defendant's Motion to Dismiss (Doc. No. 35).

Signed at Houston, Texas, this **29** day of June, 2023.

Andrew S. Hanen
United States District Judge