United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY R. LISTER, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3087 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Plaintiffs Tommy R. Lister ("Mr. Lister") and Jorene Lister ("Mrs. Lister") (collectively, "Plaintiffs") Motion for Partial Summary Judgment on Liability and Certain Affirmative Defenses (Doc. No. 25). Defendant, the United States of America ("Defendant" or "Government") responded in opposition (Doc. No. 27), and Plaintiffs replied (Doc. No. 28). Having considered the briefings and applicable law, the Court hereby **GRANTS** Plaintiffs' Motion for Partial Summary Judgment.

### I.  Factual Background

This is a Federal Tort Claims Act ("FTCA") case that arises out of a vehicular accident between an employee of the United States Postal Service ("USPS") and Plaintiffs in Houston, Texas.

According to Plaintiffs, Louis Green ("Mr. Green"), a maintenance mechanic employed by Defendant, was leaving a USPS facility to install community mailboxes while driving a USPS owned vehicle. As Mr. Green was driving westbound down Beechnut Street and approaching the intersection of Beechnut and Kirkwood, he looked down at his GPS device, which was mounted to his dashboard. Mr. Green then looked up from his GPS, saw the light was red and that traffic from the other direction had entered the intersection, but nevertheless proceeded forward into the

1

intersection anyway. Mr. Green's vehicle then crashed into Mr. Lister's northbound vehicle and pushed Mr. Lister's vehicle into two other cars.

## II. Procedural Background

Mr. Lister presented his claim to the USPS per 28 U.S.C. § 2675 in January 2021. The USPS did not respond within six months, which provided Mr. Lister with "the option ... at any time" to deem the claim denied. *See* 28 U.S.C. § 2675(a). Mr. Lister subsequently sued USPS under the FTCA in this Court. (Doc. No. 1). Defendant actually filed an Answer to Mr. Lister's original Complaint before it was served. (Doc. No. 7). After Mr. Lister amended his Complaint (Doc. No. 17) to replace the USPS with and add the United States as the proper party, Defendant voluntarily filed an Answer to that Amended Complaint as well. (Doc. No. 18).

Mrs. Lister presented her claim to the USPS in October 2021 and the USPS again did not respond within six months. Mrs. Lister's subsequent FTCA claim against Defendant was added to Mr. Lister's, and was included in Plaintiffs' Second Amended Complaint. (Doc. No. 23). Following Plaintiffs' filing of their Second Amended Complaint, Defendant once again filed an Answer in response. (Doc. No. 24).

Plaintiffs then moved for partial summary judgment as to liability as to Defendant's negligence and certain affirmative defenses. (Doc. No. 25). Specifically, Plaintiffs allege that: there is no genuine dispute of material fact that Mr. Green was negligent, that he was acting in the scope of his employment with USPS at the time of his negligence, and that his substandard care proximately caused the crash resulting in Plaintiffs' injuries. Further, Plaintiffs' motion contends that Defendant has no evidence to support its claim of contributory negligence and has no evidence that Plaintiffs failed to timely presented their claims or that they failed to file suit within the statute of limitations (*Id.* at 6). Defendant responded in opposition, noting that Plaintiffs' Motion for

Partial Summary Judgment should be dismissed because they failed to submit a certificate of conference as required by the local rules[1] and because Plaintiffs failed to properly effectuate service on Defendant. (Doc. No. 27). Plaintiffs replied (Doc. No. 28).

### III. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

---

[1] Defendant argues that Plaintiffs' failure to include a certificate of conference with its Motion for Partial Summary Judgment is fatal because the local rules require them to do so. This is incorrect. The Southern District of Texas's Local Rules state that opposed motions, *except for "motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f), or 56,"* are required to contain a certificate that the movant has conferred with the respondent and counsel cannot agree as to the disposition of the motion. S. Dist. Tex. L.R.7.1(D) (emphasis added). Accordingly, this Court finds no reason to address this argument further, because it is without merit.

3

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### IV. Analysis

A. <u>Service of Process Issues</u>

This Court will address Defendant's service of process arguments first as that seems to be Defendant's primary response to Plaintiffs' motion. Defendant maintains that after Mr. Lister exhausted his administrative remedies and his claim was denied by the USPS on May 4, 2021. Initially, he improperly named USPS as a defendant in his Original Complaint. (Doc. No. 1). Defendant argues that the record does not contain a service return of the original summons and this Original Complaint. Second, Defendant contends that when Mr. Lister filed his Amended Complaint (Doc. No. 16), which replaced the USPS as a party and properly named the United States of America, that he also failed to serve a summons and the Amended Complaint on the United States. Finally, Defendant argues that when Mr. Lister was granted leave to file his Second Amended Complaint (Doc. No. 23) to add Mrs. Lister as a new plaintiff, the Second Amended Complaint was also not served on the Defendant by Plaintiffs.[2] Based on these three instances, Defendant maintains that Plaintiffs' complaints were improperly filed and were not served in a timely manner, thus precluding a grant of summary judgment. Defendant attaches no evidence to its Response in opposition to support these arguments.

In its Reply to Defendant's Response, Plaintiffs contend that because Defendant voluntarily appeared pre-service by filing an answer on multiple occasions, it has no valid complaint about a lack of service of process. (Doc. No. 28 at 6). Plaintiffs note that "[a] defendant's

---

[2] This issue has since been rectified through this Court's Order staying the case to provide time for Plaintiffs to properly effectuate service on Defendant. (Doc. No. 29). Plaintiffs have since filed proof of service of the Second Amended Complaint on Defendant into the record (Doc. Nos. 31-34) and this Court held that that service was properly effectuated in its Order on Defendant's Motion to Dismiss. (Doc. No. 39).

pre-service voluntarily appearance "waive[s] all objections to the non-service."" (*Id.* at 5) (quoting *Pollard v. Dwight*, 8 U.S. 421, 429 (1808)). Plaintiffs maintain that Defendant filed voluntarily answers on three separate occasions before Plaintiffs could even attempt service. Moreover, it has been actively litigating the case without affirmatively raising any issue as to improper service, and has not claimed prejudice based on lack of service of process in its Response in opposition. (*Id.*). Thus, Plaintiffs argue that Defendant's voluntarily pre-service answers obviate the need for service of process.

Also, Plaintiffs contend that Defendant has waived any complaints about improper service because it has failed to raise its challenges through a timely motion. (*Id.* at 3). Challenges involving improper service are typically brought up through a motion to dismiss—specifically, a Rule 12(b)(4) or (5) Motion to Dismiss that must be filed prior to an answer. Moreover, since the parties' dispositive motion deadline passed on October 31, 2022, Plaintiffs maintain that Defendant has waived any complaints as to improper service by failing to address them prior to the scheduling deadline. (*Id.*).

Based on the record, this Court finds that Defendant's service of process arguments unavailing. As an initial matter, Plaintiffs are correct that Defendant has waived any complaints about the lack of or improper service by voluntarily answering not one, not two, but three separate complaints filed by Plaintiffs. *See City of Clarksdale v. Bellsouth Telecomm., Inc.*, 428 F.3d 206 (5th Cir. 2005) (filing an answer to the complaint without objecting to service of process waives a defendant's right to object to service of process because "it constitutes a voluntary appearance in the federal district court"). Defendant is raising arguments pertaining to improper service for the first time in this dispute in a Response in opposition to Plaintiffs' Motion for Partial Summary Judgment, instead of through a properly and timely filed 12(b) motion. *See* 5B Fed. Prac. & Proc.

Civ. § 1353 (3d ed.). Defendant had ample opportunity to challenge any of the three service of process infirmities it alleges took place. Instead, on three separate occasions, when faced with alleged infirmities, it chose to voluntarily file an Answer. It then proceeded to actively participate in and litigate this matter.

Moreover, any issues relating to improper service should have been raised by Defendant prior to the dispositive motion deadline, and it failed to do so. Furthermore, Defendant does not explain why it waited so long and is raising service of process challenges for the first time at this juncture of the dispute, nor does it argue that it has suffered any kind of prejudice based on Plaintiffs' failure to effectuate service.

Given that Defendant has waived any service of process challenges by voluntarily appearing, answering, and actively litigating this case, and that did not seek any relief prior to the dispositive motion deadline, this Court finds that Defendant's arguments lack merit. Accordingly, to the extent that Defendant contends that service of process infirmities raise a genuine dispute of material fact in opposition to Plaintiffs' Motion for Partial Summary Judgment, this Court disagrees.

Finally, out of an abundance of caution, this Court stayed this case and ordered that Defendant be properly served. (Doc. No. 29). This has now been accomplished. Thus, any misstep in this area has been cured.

B. <u>Liability as to Negligence</u>

Plaintiffs move for partial summary judgment because there is no genuine dispute of material fact that Defendant is liable for negligence under the FTCA for the accident. (Doc. No. 25 at 2).

6

Under the FTCA, the sovereign immunity of the United States is waived, making the government "liable for the torts of its employees to the same extent as the private party would be" under the applicable state's law. *Starnes v. United States*, 139 F.3d 540, 542 (5th Cir. 1998). Liability attaches when a "personal injury" is "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, to hold the United States liable for injuries under Texas law, the locale of this accident, Plaintiffs must prove the three elements normally required Texas law: that Mr. Green was negligent; that his negligence proximately caused the Plaintiffs' damages; and the amount of those damages. They must also prove that Mr. Green was a government employee acting within the scope of his employment and that the United States would be vicariously liable for Mr. Green's negligence if it were a private employer.

Addressing the first element, Plaintiffs contend as a matter of law that Mr. Green was negligent, and that his actions proximately caused the crash. Under Texas law, if Mr. Green proximately caused the crash by breaching a legal duty that he owed, then he was negligent. *Bustamente v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017). Plaintiffs allege that Mr. Green, as a Texas driver on Texas roads, owed a duty to exercise ordinary care under the requirement that "Texas drivers have a general duty to exercise ordinary care to avoid a foreseeable risk of harm to others." *See Obregon v. United States*, 2018 WL 6179507 at *3 (S.D. Tex. Nov. 27, 2018). Plaintiffs further allege that Mr. Green breached the duty he owed when he failed to do what a reasonable person in "the same or similar circumstances" would have done. To support this contention, Plaintiffs point to Mr. Green's deposition testimony, where he admitted that he took his eyes off the road to look

7

down at his GPS unit, and when he looked up, he was too close to the intersection to obey the red light. (Plaintiffs' Exhibit 1: Green Deposition at 21:5-19, 22:9-19, Doc. No. 24 at 23-24). Finally, Plaintiffs contend that "a causal nexus" exists between Mr. Green's conduct—running the red light—and the "event sued upon—the crash, so Mr. Green's actions in running to run the red light was a cause-in-fact of the crash. Plaintiffs also argue that the crash was a foreseeable result of Mr. Green's inattention. To support this contention, Plaintiffs cite to Mr. Green's deposition testimony, where he acknowledged the dangers of distracted driving and that running a red light could cause an accident. (*Id.* at 5:24-7:15). Plaintiffs also cite to Mr. Green's handwritten post-crash statement, where he stated, "I checked my GPS for the directions to the assigned addresses within the time the traffic light had changed, and traffic from the other direction had entered the intersection." (Plaintiffs' Exhibit 2: Green Post-Crash Statement Doc. No. 25 at 33). While reviewing this excerpt from his post-crash statement during his deposition, Mr. Green acknowledged that he had reported that the light was red when he looked back up and had already entered the intersection. (Plaintiffs' Exhibit 1: Green Deposition at 23-24).

Plaintiffs argue that there is no dispute of material fact that Mr. Green was acting in the scope of his employment with USPS when he ran the red light. Plaintiffs cite to Mr. Green's testimony, where he testified that he was employed as a maintenance mechanic by the USPS and was on his way from one post office facility to another to install community mailboxes. (*Id.* at 15:2-9). Plaintiffs also argue that in their Second Amended Complaint, Plaintiffs pled that "Green was acting in the course and scope of his employment with the United States Postal Service at the time of the collision." (Doc. No. 15). Plaintiffs argue that Federal Rule of Civil Procedure 8 states that "[a]n allegation" in a complaint "is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Since Defendant admitted to Plaintiffs'

8

allegations in its Answer, Plaintiffs maintain that there is no genuine dispute of material fact that Mr. Green was acting in the scope of his employment with USPS when the crash occurred. (Doc. No. 24).

Finally, Plaintiffs argue that if the United States were a private person, it would be vicariously liable for Mr. Green's negligence under Texas law. (Doc. No. 25 at 10). All FTCA liability is respondeat superior liability. *Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995). Moreover, under Texas's formulation of respondeat superior, "an employer is vicariously liable for its employee's negligent acts if those acts are within the course and scope of his employment." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). To support this contention, Plaintiffs again cite to Mr. Green's deposition, where he testified that he was employed as a maintenance mechanic by the USPS and was on his way from one post office facility to another to install community mailboxes when the accident took place. (Plaintiffs' Exhibit 1: Green Deposition at 15:2-9). Moreover, since Defendant admitted that Mr. Green was acting in the scope of employment when the crash occurred in its Answer, Plaintiffs contend that this element is met as a matter of law. (Doc. No. 24).

In its Response in opposition, Defendant does not address or even deny any of Plaintiffs' contentions concerning liability or causation. Defendant also does not attach any evidence to its Response in opposition or offer any rebuttal to Plaintiffs' contentions. The only argument Defendant advances in its Response in opposition pertains to service of process issues that this Court already addressed, which also are irrelevant to Plaintiffs' contentions pertaining to liability.

When a party fails to defend a claim in response to a summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Hargrave v. Fibrebroad Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983). Defendant has not addressed

9

the issue of liability at all in its Response in opposition to Plaintiffs' Motion for Partial Summary Judgment. Defendant has also attached no evidence to rebut any of Plaintiffs' evidence. Given that Defendant has both offered no contradictory evidence to create an issue of material fact as to negligence, causation as to the wreck, and course and scope, it has essentially waived any arguments as to liability by failing to address them. This Court hereby grants summary judgment as to Defendant's liability and causation for the accident.

C. Affirmative Defenses

Plaintiffs also move for summary judgment as to two of Defendant's affirmative defenses: (1) contributory negligence/comparative fault and (2) the statute of limitations. (Doc. No. 25 at 11).

Defendant, in its Answer to Plaintiffs' Second Amended Complaint, "pleads the negligence or fault of plaintiff Tommy Lister in causing or contributing to the accident" and "the negligence and/or fault of third parties to the extent they may have caused or contributed to the accident." (Doc. No. 24 at 2). Plaintiffs state that Defendant does not have any evidence to create a fact issue on its contributory negligence and comparative fault defenses, so summary judgment must be granted. (Doc. No. 25 at 11).

Defendant also pleads in its Answer that "[t]ort-based claims not timely exhausted administratively are barred by 28 U.S.C. § 2675(a) and by the statute of limitations. 28 U.S.C. § 2401(b)." (Doc. No. 24 at 1). Under 2401(b), Plaintiffs were required to present their claims to the USPS within two years of accrual, and if the government timely denied their claims, sue within six months of the denial. *See* 28 U.S.C. §§ 2401(b), 2675(a). According to Plaintiffs, the accident took place on December 17, 2020 and Mr. Lister presented his claim to the USPS in January 2021, while Mrs. Lister presented her claim to USPS in October 2021. (Plaintiffs' Exhibits 7 and 8, Doc.

Nos. 25 at 55-75; 76-86). Mr. Lister's lawsuit was filed on September 22, 2021. (Doc. No. 1). According to Defendant, Mr. Lister's claim was denied by the USPS on May 4, 2021. (Doc. No. 27 at 2). Defendant does not state when Mrs. Lister's claim was denied, but her claims here were filed with the USPS in October 2021. (Doc. No. 25 at 6). Plaintiffs contend, based on the record, their claims were timely. Thus, Plaintiffs contend that Defendant does not have any evidence to create a fact issue that Plaintiffs' claims were untimely, so summary judgment must be granted.

In its Response in opposition, Defendant again, does not address either of Plaintiffs' arguments as to these affirmative defenses. It does not attach any evidence to rebut Plaintiffs' arguments, nor does it discuss them at all throughout the entirety of its brief. As mentioned previously, the only arguments Defendant advances in its Response in opposition pertains to alleged service of process issues, which this Court already found to be without merit.

Defendant's Response in opposition is devoid of any discussion of Plaintiffs' affirmative defense arguments. Defendant also did not attach any summary judgment evidence addressing these contentions. In the absence of any discussion of or summary judgment evidence to create an issue of material fact as to its contributory negligence and statute of limitations affirmative defenses, Defendant has waived these arguments. *See Black*, 461 F.3d 584 at 588; *Hargrave*, 710 F.2d 1154 at 1164. Accordingly, this Court grants Plaintiffs' Motion for Partial Summary Judgment as to Defendant's affirmative defenses of contributory negligence and timeliness of Plaintiffs' claims.

## D. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to liability/negligence and causation and against Defendant's affirmative defenses that the Plaintiffs' claims are barred by Plaintiffs' contributory negligence/comparative fault or barred by the applicable statute of limitations.

Signed at Houston, Texas, this 24th day of June, 2023.

Andrew S. Hanen
United States District Judge